UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH A. STANFORD,                        )
SOFTWHO Owned sole, Mr. Joseph A.          )
Stanford,                                  )
                                           )
            Plaintiffs,                    )
                                           )
      v.                                   )      No. 1:23-cv-02194-JPH-TAB
                                           )
H.S.B.C  BANK,                             )
BANK OF THE OZARKS,                        )
CHASE BANK, U.S. BANK,                     )
PNC BANK, BB&T BANK,                       )
SUNTRUST BANK, TD BANK,                    )
FIFTH THIRD BANK,                          )
CITIZENS BANK,                             )
CITIBANK, CITIBANK BANK,                   )
BNY MELLON BANK,                           )
TD BANK BANK,                              )
SUNTRUST BANK,                             )
AMERICAN EXPRESS, INC.,                    )
MERRILL LYNCH FINANCIAL                    )
PRODUCTS,                                  )
GOLDMAN SACHS BANK,                        )
CHARLES SCHWAB BANK,                       )
WELLS FARGO BANK,                          )
REGIONS BANK,                              )
KEY BANK,                                  )
HAPPY STATE BANK,                          )
MICROSOFT INCORPORATED,                    )
CISCO SYSTEMS INCORPORATED,                )
JUNIPER INCORPORATED,                      )
IBM INTERNATIONAL BUSINESS                 )
MACHINES,                                  )
ORACLE INCORPORATED,                       )
BAE SYSTEMS INCORPORATED,                  )
INTEL INCORPORATED,                        )
AMD INCORPORATED,                          )
AT&T INCORPORATED,                         )
M&T BANK,                                  )
MORGAN STANLEY BANK,                       )
ARMY CORPS OF ENGINEERS                    )
WWW.JAG.MIL,                               )

1

APPLE COMPUTERS (APPLE PAY),                )
WALMART INCORPORATED ARVESTA                )
BANK,                                       )
DISCOVER INCORPORATED,                      )
U.S. DEPARTMENT OF TREASURY                 )
F.D.I.C,                                    )
BANK OF AMERICA,                            )
                                            )
                            Defendants.     )

## ORDER

Plaintiff Joseph A. Stanford has filed a complaint against various entities, including multiple banks government entities, and other companies.

## I.
## Dismissing Complaint

Mr. Stanford's complaint form is blank, outside of a signature.  Dkt. 1 at 5.  He attaches a 150-page document from what appears to be a case he filed in the United States District Court of Guam.  This is not Mr. Stanford's first time in this Court.  Case No. 1:23-cv-2016, was deemed frivolous and dismissed with prejudice by this Court on November 21, 2023.

A district court may dismiss a complaint filed *in forma pauperis* after concluding the action is "frivolous."  *See* 28 U.S.C. § 1915(e)(2).  An action is frivolous if "it lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court does not have subject matter jurisdiction over a complaint that is wholly insubstantial and frivolous.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).  And a "frivolous federal law claim cannot successfully invoke federal jurisdiction."  *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

2

Plaintiff's complaint is difficult to comprehend.  He mentions various constitutional amendments, the Civil Rights Act, and other statutes.  *See* dkt. 1. He has indicated this claim concerns patents.  Dkt. 1-1 at 1.  Even liberally construing the complaint, this Court cannot discern within it any plausible federal claim against the entities named.  *See Sanders-Bey v. United States*, 267 Fed. Appx. 464, 465 (7th Cir. 2008) (affirming the dismissal for lack of jurisdiction a complaint that "appear[ed] to simply reference a panoply of random federal laws"); *cf. United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

This is not Mr. Stanford's first federal court filing.  He has filed complaints in various district courts throughout the country against Microsoft, "Softwho," and Cisco, and in this Court, as noted above.[1]  These complaints are also difficult to comprehend and have been dismissed for a variety of reasons, including frivolousness.  *See, e.g., Stanford v. Microsoft Inc.*, No. EP-21-CV-105, dkt. 4, at *1–3 (W.D. Tex. May 13, 2021).

---

[1] The Court located the following cases: *Stanford v. Gates*, No. 2:22-CV-00275 (S.D. Tex. filed Nov. 28, 2022); *Stanford v. Microsoft Inc.*, No. 1:22-CV-15 (D. Guam filed July 6, 2022); *Stanford v. Microsoft Inc.*, No. 5:22-CV-857 (W.D. Okla. filed Sept. 28, 2022); *Stanford v. No Named Defendant*, No. 1:21-CV-3211 (D. Colo. filed Nov. 11, 2021); *Stanford v. Microsoft, Inc.*, No. 21-CV-105 (W.D. Tex. filed May 11, 2021).  Mr. Stanford lists a different address in each case.

Any amendment to the complaint would be futile; Mr. Stanford has attached 150 pages that present no plausible claim for relief. *See Holland v. City of Gary*, 503 Fed. Appx. 476, 477–78 (7th Cir. 2013) (finding the district court did not abuse its discretion in concluding plaintiff's allegations "lacked any arguable basis in fact and that amendment would have been futile").

Therefore, Mr. Stanford's complaint is **dismissed with prejudice.** *See El v. AmeriCredit Financial Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) ("[I]f the reason there's no federal jurisdiction is the plaintiff's having predicated jurisdiction on a frivolous federal claim, dismissal with prejudice is appropriate . . . for such a suit will go nowhere in any court.").

## II.
## Other Motions

Mr. Stanford has also filed a motion to proceed *in forma pauperis*, dkt. [2], and a motion to appoint counsel, dkt. [3].

Mr. Stanford's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Stanford to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

Mr. Stanford has filed a motion for assistance recruiting counsel. Dkt. 3. Litigants in federal civil cases do not have a constitutional or statutory right to

court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).

Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel

"to represent any person" unable to afford counsel. *Mallard v. United States*

*Dist. Ct.*, 490 U.S. 296, 300 (1989).  As a practical matter, there are not enough

lawyers willing and qualified to accept a pro bono assignment in every pro se

case.  *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that

courts must be careful stewards of the limited resource of volunteer lawyers);

*Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an

attorney is a difficult decision: Almost everyone would benefit from having a

lawyer, but there are too many indigent litigants and too few lawyers willing

and able to volunteer for these cases.").

 "'When confronted with a request under § 1915(e)(1) for pro bono

counsel, the district court is to make the following inquiries: (1) has the

indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*,

987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007)).  These two questions "must guide" the Court's determination

whether to attempt to recruit counsel.  *Id.*  These questions require an

individualized assessment of the plaintiff, the claims, and the stage of

litigation.  *See Pruitt*, 503 F.3d at 655–56.

 The question of whether a litigant has made a reasonable attempt to

secure private counsel on his own, "is a mandatory, threshold inquiry that

must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682.

Mr. Stanford's motion to appoint counsel is handwritten and difficult to read. That said, it seems as if he has reached out to counsel at various law firms. *See* dkt. 3 at 3.

But the frivolous nature of his complaint makes the appointment of counsel is inappropriate at this point. *See James v. Eli*, 889 F.3d 320, 329 n.3 (7th Cir. 2018) (quoting *Pruit*, 503 F.3d at 663 (Rovner, J., concurring) ("Many pro se suits turn out to be frivolous, and a judge justifiably will be reluctant to solicit pro bono assistance from the bar until she is sure that the case has at least some potential merit."). At this point, Mr. Stanford's case has no "potential merit" and the appointment of counsel would not change that. Therefore, Mr. Stanford's motion to appoint counsel, dkt. [3], is **denied.**

### III.
### Conclusion

Mr. Stanford's complaint, dkt. [1], is **dismissed with prejudice.** His motion to proceed *in forma pauperis*, dkt. [2], is **granted**. His motion to appoint counsel, dkt. [3] is **denied**. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 12/7/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

JOSEPH A. STANFORD
404 E Washington
Fort Wayne, IN 46802

SOFTWHO
127 Biraldan Sali Unit 10
Dadedo, GU 96929